IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NEHEMIAS SAMAYOA<br><br>Defendant. | Crim. Action No. 16-115 (EGS) |

MEMORANDUM OPINION AND ORDER

Defendant Nehemias Samayoa ("Mr. Samayoa") is currently incarcerated after pleading guilty to federal and Maryland state charges. Plea Agreement, ECF No. 17. Before the Court is Mr. Samayoa's *pro se* Motion to Correct Judgement pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Motion to Correct"). Def.'s Mot. to Correct, ECF No. 80.[1] The United States ("government") opposes Mr. Samayoa's Motion to Correct. Gov't's Response to Mot. to Correct ("Gov't Opp'n"), ECF No. 83. Upon careful consideration, Mr. Samayoa's Motion to Correct is **DENIED WITHOUT PREJUDICE.**

I. BACKGROUND

The Court has previously described the events that gave rise to Mr. Samayoa's conviction and sentence. *See* Mem. Op. &

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the page number of the filed document.

1

Order Denying Mots. for Compassionate Release, ECF No. 65; Mem. Op. & Order Denying Renewed Mot. for Compassionate Release, ECF No. 77; *see also* Gov't Opp'n, ECF No. 83 at 2-3 (quoting Statement of Offense, ECF No. 18 at 2-4; citing Plea Hearing Tr., ECF No. 40 at 54-56). Mr. Samayoa's conviction and sentence are based on charges of rape and sexual exploitation of a child. *See* Judgment, ECF No. 36 at 2. On at least four occasions in the Summer of 2015, Mr. Samayoa picked up a twelve-year-old girl ("Y.O.") from summer school, transported her from the District of Columbia to Maryland, and raped her in a hotel room. Statement of Offense, ECF No. 18. Mr. Samayoa had built a relationship of trust with Y.O. because he had previously been in a relationship with her mother. *Id.*

For his conduct, the United States Attorney for the District of Columbia charged Mr. Samayoa with "transportation of a minor with intent to engage in criminal sexual activity" in violation of 18 U.S.C. § 2423. Gov't Opp'n, ECF No. 83 at 1. Mr. Samayoa also faced charges of Rape Second-Degree, in violation of CR-03-304 of the Criminal Law Against the Peace, Government, and Dignity of the State of Maryland from the Office of the State's Attorney for Prince George's County, Maryland ("Maryland

State's Attorney's Office").[2] *Id.* at 4; Plea Hearing Tr., ECF No. 40 at 14, 26; Plea Agreement, ECF No. 17 at 1.

On January 25, 2017, the United States Attorney for the District of Colombia and Maryland State's Attorney's Office sent a plea offer letter to Mr. Samayoa related to both his federal and Maryland state charges. Plea Agreement, ECF No. 17 at 1. The agreement offered for Mr. Samayoa to plead guilty to one count of each of the federal and state offenses. *Id.* In exchange, the agreement stated that:

> [Mr. Samayoa] will not be further prosecuted criminally by [the United States Attorney for the District of Colombia] or the Maryland State's Attorney's Office for the conduct set forth in the attached Statement of Offense, and the remaining charges on which [Mr. Samayoa] has been indicted in Maryland criminal case number 170080X will be dismissed upon entry of [Mr. Samayoa's] plea of guilty in this case pursuant to the terms of this agreement.

*Id.* at 2. The plea agreement also included a waiver of some of Mr. Samayoa's appeal and post-conviction rights. *Id.* at 7–8. In pertinent part, it stated:

> [Mr. Samayoa] also waives any right to challenge the conviction or sentence imposed under this Agreement or otherwise to attempt to modify or change the sentence or the manner

---

[2] In various documents on the record in this case, the government has used either "CR-03-304" or "CR-33-304" to refer to the Maryland offense to which Mr. Samayoa pled guilty. It is clear from the record that the parties intended for "CR-33-304" to refer to the offense described in "CR-03-304," and the Court reads references to "CR-33-304" as if they were to "CR-03-304."

> in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that [Mr. Samayoa] received ineffective assistance of counsel.

*Id.* at 8.

Mr. Samayoa signed the plea agreement on February 1, 2017. *Id.* at 12. The parties entered the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) whereby they agreed that Mr. Samayoa would be sentenced to 156 months in prison and at least ten years of supervised release. Plea Agreement, ECF No. 17 at 1–5. The federal charge had a mandatory minimum of ten years, and the Maryland charge had a maximum sentence of twenty years. *Id.*

The Court held three hearings on Mr. Samayoa's plea. *See* Plea Hearing Tr., ECF No. 40; Sent'g Hearing Tr., ECF No. 46; Change of Plea Hearing Tr., ECF No. 47. On multiple occasions, Mr. Samayoa affirmed that he understood the contents of his plea agreement. *See, e.g.*, Plea Hearing Tr., ECF No. 40 at 37, 42 (discussing the Maryland charge). The Court expressed concern throughout the proceedings as to whether thirteen years in prison was a sufficient punishment due to the nature of Mr. Samayoa's offenses. *See generally* Plea Hearing Tr., ECF No. 40; Sent'g Hearing Tr., ECF No. 46; Change of Plea Hearing Tr., ECF

4

No. 47. When pressed, the government maintained support for the plea agreement based in part on avoiding more involvement for Y.O. in Mr. Samayoa's prosecution. Change of Plea Hearing Tr., ECF No. 47 at 12-13.[3] After careful consideration, the Court accepted Mr. Samayoa's plea on October 3, 2017. *Id.* at 45.

Mr. Samayoa has now served over eight years of his thirteen-year sentence. Sent'g Monitoring Computation Data, Ex. 1 to Gov't Opp'n, ECF No. 83-2 at 3.[4] His projected release date is July 20, 2027. *Id.* Mr. Samayoa has previously filed two motions for compassionate release, both of which this Court denied. Mot. for Compassionate Release, ECF No. 52; Mot. for Compassionate Release, ECF No. 53[5]; Mem. Op. & Order Denying Mots. for Compassionate Release, ECF No. 65; Renewed Mot. for Compassionate Release, ECF No. 69; Mem. Op. & Order Denying Renewed Mot. for Compassionate Release, ECF No. 77.

Mr. Samayoa now moves to correct the judgement in his case, asserting that the Court lacked jurisdiction to sentence him for

---

[3] Mr. Samayoa also faces immigration consequences due to his status as an undocumented person. *See generally* Plea Agreement, ECF No. 17; Change of Plea Hearing Tr., ECF No. 47 at 42-43.
[4] Mr. Samayoa's full term of incarceration expires on June 21, 2029. Sent'g Monitoring Computation Data, Ex. 1 to Gov't Opp'n, ECF No. 83-2 at 3.
[5] Mr. Samayoa filed his first motion for compassionate release twice because he asserted that the first motion he tried to file, ECF No. 52, was "not put on the docket as it was mailed and received at the Courthouse." Mot. for Compassionate Release, ECF No. 53 at 1.

5

a Maryland state charge. Def.'s Mot. to Correct, ECF No. 80 at 1. The government asks the Court to summarily deny Mr. Samayoa's motion on the ground that Mr. Samayoa waived the right to appeal or collaterally attack his conviction or sentence except for certain enumerated circumstances. Gov't Opp'n, ECF No. 83; Change of Plea Hearing Tr., ECF No. 47 at 1.

The Court will first consider whether Mr. Samayoa waived his right to collaterally attack the Court's jurisdiction. Then it will address Mr. Samayoa's jurisdictional challenge.

## II. Waiver of Right to Challenge Jurisdiction

### A. Standard of Review

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citation omitted); *see also United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009) (A defendant can waive his right to appeal a sentence "as long as his decision is knowing, intelligent, and voluntary."). A '"voluntary plea of guilty waives all rights and defenses, known or unknown, present or future,' except those relating to the Court's jurisdiction." *United States v. Safarini*, No. 91-cr-504-3, 2021 WL 5050092, *8 (D.D.C. Nov. 1, 2021) (quoting *United States v. Fitzgerald*, 466 F.2d 377, 379 (D.C. Cir. 1972)) (additional citations omitted). A challenge to the district

6

court's subject-matter jurisdiction—to the court's power to hear a given case—can never be waived or forfeited. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Miranda*, 780 F.3d 1185, 1196 (D.C. Cir. 2015).

### B. Analysis

The government argues that Mr. Samayoa "waived his right to appeal or file a collateral attack" pursuant to the plea agreement. Gov't Opp'n, ECF No. 83 (citing Plea Agreement, ECF No. 17 at ¶ 9(d), (e)). Mr. Samayoa responds that a defendant cannot waive their right to challenge a judgment for which the state's prosecution is constitutionally impermissible. Reply in Support of Def.'s Mot. to Correct, ECF No. 84 at 2.

The government's argument is unpersuasive. The government cites only one case to support its proposition that Mr. Samayoa waived his right to appeal or collaterally attack the Court's jurisdiction. Gov't Opp'n, ECF No. 83 at 9 (citing *Guillen*, 561 F.3d at 529). In *United States v. Guillen*, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") held that waivers of appeal and post-conviction rights as part of a plea agreement are generally enforceable. 561 F.3d at 529. But there are numerous cases explaining how certain rights cannot be waived as part of a plea agreement. *See, e.g.*, *Cotton*, 535 U.S. at 630 (citations omitted) ("This latter

7

concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."). The government does not acknowledge this line of cases nor put forth any argument or authority for how Mr. Samayoa could have waived a jurisdictional challenge as part of his broader appeal and collateral waivers.

Mr. Samayoa, however, cites to several cases where courts have imposed limits on what rights defendants can waive as part of plea agreement proceedings. Reply in Support of Def.'s Mot. to Correct, ECF No. 84 at 2 (quoting *Class v. United States*, 138 S. Ct. 798 (2018); *Guillen*, 561 F.3d at 527). For example, Mr. Samayoa correctly points out that the United States Supreme Court recently affirmed and "clarified" the *Blackledge-Menna* doctrine in *Class*, 138 S. Ct. at 803–807, which "recognizes that there are some cases in which the Constitution prohibits a prosecution even though the defendant has admitted in a plea agreement that he did exactly what the government alleged." *In re Sealed Case*, 936 F.3d 582, 587 (D.C. Cir. 2019); *see also Class*, 138 S. Ct. at 805–06 (quotations omitted) (clarifying that a guilty plea does not relinquish a defendant's right to "raise a claim which, judged on its face based upon the existing record, would extinguish the government's power to

constitutionally prosecute the defendant if the claim were successful.").[6]

For these reasons, the Court will not summarily dismiss Mr. Samayoa's challenge as waived in his plea agreement.

### III. Jurisdictional Challenge

Even though the Court concludes that Mr. Samayoa has not waived his right to challenge the Court's jurisdiction regarding his conviction and sentencing, it is unable to resolve the merits of Mr. Samayoa's motion for two reasons. First, courts have held that the type of claim Mr. Samayoa raises in his Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)") motion, which is a challenge to the convicting and sentencing court's jurisdiction, should be brought as an 18 U.S.C. § 2255 habeas petition. But, for the reasons explained below, the Court cannot construe Mr. Samayoa's instant *pro se* Rule 60(b)(4) motion as a § 2255 petition without certain processes.

Second, the Court will not reach the merits of Mr. Samayoa's claim in his instant Rule 60(b)(4) motion because of the issues with the form of the motion explained below. Even if it were to reach the merits, Mr. Samayoa has not met the high

---

[6] Even though *Class* and *In re Sealed* considered claims raised on direct appeal instead of collateral review, the government's position here is that the Court should deny Mr. Samayoa's motion because he "waived his right to appeal or file a collateral attack." Gov't Opp'n, ECF No. 83 at 1.

9

standard for relief under Rule 60(b)(4) on this record. Therefore, the Court will deny Mr. Samayoa's motion without prejudice.

### A. Form of Mr. Samayoa's Request for Relief

Regardless of how it is styled, when an incarcerated person files a motion requesting relief, the court "must review the motion based on its substance." *United States v.* Akers, 519 F. Supp. 2d 94, 95 (D.D.C. 2007) (*citing Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). When considering similar requests for relief, courts have held that a *pro se* Rule 60(b)(4) motion challenging the sentencing court's jurisdiction should be construed as a habeas petition under 28 U.S.C. § 2255. *United States v. Bufford*, No. 14-cr-169, 2019 WL 7758881 (D.D.C. May 28, 2019) (construing a Rule 60(b)(4) motion as a § 2255 petition); *United States v. Bufford*, No. 19-3082, 2020 WL 3634926 (D.C. Cir. June 26, 2020) ("The district court correctly determined that appellant's motion under Federal Rule of Civil Procedure 60(b) is in substance a second or successive motion for post-conviction relief under 28 U.S.C. § 2255 . . . .").

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, *or that the court was without jurisdiction to impose such sentence*, or that the sentence was

> in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may
> move the court which imposed the sentence to
> vacate, set aside or correct the sentence.

*Id.* § 2255(a) (emphasis added). Mr. Samayoa has not provided any reason for why his motion should be considered under Rule 60(b) instead of § 2255. Nor has the government addressed this issue.[7]

But, because it appears that Mr. Samayoa has not yet filed a 28 U.S.C. § 2255 petition in this Court, the Court will not *sua sponte* construe his motion as such.[8] If Mr. Samayoa had previously filed a § 2255 petition, the Court would construe this motion as a second or successive petition. *See Bufford*,

---

[7] The only point at which the government mentions habeas proceedings is in footnote 1, where it claims that the Court would not have jurisdiction to hear a challenge to the calculation of Mr. Samayoa's sentence-which would and indeed has been brought under 28 U.S.C. § 2241-because such a challenge would need to occur in the district where Mr. Samayoa is incarcerated. Gov't Opp'n, ECF No. 83 at 1 n.1. The Court notes that in the same footnote, the government erroneously refers to Mr. Samayoa as serving a "life sentence at FCI Butner."

[8] Neither of the two habeas petitions that Mr. Samayoa has filed during his incarceration were under 28 U.S.C. § 2255. Mr. Samayoa has filed at least two petitions under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina ("Eastern District of North Carolina"). *See Samayoa v. Kelly*, No. 22-hc-2004-D (E.D.N.C.) and *Samayoa v. Kelly*, No. 22-hc-2042-D (E.D.N.C.). The Eastern District of North Carolina dismissed both petitions, which raised issues with (1) whether time during which Mr. Samayoa was detained by the Immigration and Customs Enforcement counted towards his time served and (2) the department of Justice's decision not to transfer Mr. Samayoa to Guatemala pursuant to the Transfer of Offenders to or from Foreign Countries Act, 18 U.S.C. §§ 4100. Order, ECF No. 14 in No. 22-hc-2042-D (E.D.N.C.); Order, ECF No. 16 in 22-hc-2004-D (E.D.N.C.).

2019 WL 7758881. In this situation, however, the Supreme Court has held that a court cannot *sua sponte* construe a *pro se* motion as a first § 2255 habeas petition and instead must give the person seeking relief various warnings and the opportunity to change or modify their motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (quoting 28 U.S.C. § 2255) ("In such circumstances, the district court must notify the *pro se* litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.").

Therefore, the Court will not construe Mr. Samayoa's motion as a § 2255 habeas petition. It will instead caution Mr. Samayoa that if he chooses to reraise his claim in a habeas petition under § 2255, he will be subject to and need to satisfy all the restrictions that the Anti-Terrorism and Effective Death Penalty Act("AEDPA") places on such petitions including those on second or successive petitions, statute of limitations, exhaustion requirements, and other criteria listed in 28 U.S.C. § 2255.

### B. Rule 60(b)(4) Motion

In addition to Mr. Samayoa's failure to explain why the Court should consider his claim as a Rule 60(b)(4) motion instead of a § 2255 habeas petition, Mr. Samayoa has also failed

12

to show on this record that he would be entitled to relief under Rule 60(b)(4).

On the merits of his Rule 60(b)(4) motion, Mr. Samayoa argues that this Court lacked jurisdiction to accept his plea and sentence him for a Maryland state offense. Def.'s Mot. to Correct, ECF No. 80. He asserts that "[t]he Court ha[d] absolutely no arguable basis for jurisdiction over State charges" and therefore when it "adjudicated and sentenced Mr. Samayoa for a Maryland State charge" it "violated his Constitutional right to Due Process." Def.'s Mot. to Correct, ECF No. 80 at 3. Mr. Samayoa points out that "the State of Maryland 'nolle pros' the charges under case CT170080X," his Maryland criminal case. *Id.* at 5.

The government does not address Mr. Samayoa's substantive argument. *See generally* Gov't Opp'n, ECF No. 83. At most, it asserts that "[Mr. Samayoa] clearly agreed to having both his Federal and Maryland offenses considered by the Court . . . ." Gov't Opp'n, ECF No. 83 at 9. However, there is a legal distinction between the questions of whether Mr. Samayoa agreed to plead guilty to both Maryland state and federal charges and whether this Court had jurisdiction to accept Mr. Samayoa's plea and sentence him to a Maryland state charge. The government conceded during plea proceedings that it "[did not] have jurisdiction to prosecute [Mr. Samayoa] [in this Court]" for

13

acts he committed in Maryland. Change of Plea Tr., ECF No. 47 at 9. Therefore, even though Mr. Samayoa repeatedly confirmed he understood he was pleading guilty to both Maryland state and federal charges as part of his plea agreement, Mr. Samayoa's jurisdictional argument is not so clearly baseless that it should be dismissed outright.

Although the Court does not conclude that Mr. Samayoa's jurisdictional argument would necessarily fail, Mr. Samayoa has not shown that he meets the high standard set forth in Rule 60(b)(4). Rule 60(b)(4) permits a litigant to request a court correct a judgment that is void. Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted). This rule is "not a substitute for a timely appeal" and "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 270-71. "When a jurisdictional defect is alleged, relief is usually reserved 'only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction.'" *Micula v. Gov't of Romania*, 101 F.4th 47, 50

14

(D.C. Cir. 2024) (quoting *United Student Aid Funds, Inc.*, 559 U.S. at 271).

Mr. Samayoa has not shown that there was no "arguable basis for jurisdiction" to accept his guilty plea and sentence him based on his plea. *Id.* Mr. Samayoa discusses caselaw supporting the proposition that a court clearly cannot render a judgment for which it lacks jurisdiction, but Mr. Samayoa cites no authority for how this applies in his case. Factually, Mr. Samayoa relies on the Maryland State's Attorney's Office dropping charges against him after he entered his plea agreement. Def.'s Mot. to Correct, ECF No. 80 at 5. But instead of providing conclusive evidence of lack of jurisdiction in this Court, this was an express provision of the plea agreement. ECF No. 17 at 2 ("[T]he remaining charges on which [Mr. Samayoa] has been indicted in Maryland criminal case number 170080X will be dismissed upon entry of [Mr. Samayoa's] plea of guilty in this case pursuant to the terms of this agreement."). The Court will not make the government's argument for it, but there are sufficient gaps in Mr. Samayoa's argument such that he could not prevail on the current record.

For all these reasons, the Court rejects the government's argument that Mr. Samayoa waived his right to challenge the Court's jurisdiction, but it cannot resolve the remainder of Mr. Samayoa's Motion to Correct.

## IV.  CONCLUSION

For the reasons stated above, the Court hereby

**DENIES WITHOUOT PREJUDICE** Mr. Samayoa's Motion to Correct, ECF No. 80.

If Mr. Samayoa chooses to reraise his jurisdictional challenge, he must explain why the form he uses is proper. If Mr. Samayoa files a habeas petition under 28 U.S.C. § 2255, he must ensure he is aware of the specifications and restrictions that come with filing such a petition and how it may impact other relief he may seek in the future.

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            December 11, 2024**